PEOPLE v WEATHINGTON

Docket No. 111944. Submitted February 20, 1990, at Detroit. Decided April 16, 1990. Leave to appeal applied for.

Ray Weathington was convicted of four counts of criminal sexual conduct in the first degree following a jury trial in Recorder's Court of Detroit. The trial judge, Lawrence D. Silverman, J., sentenced defendant to prison terms of from thirty-five to sixty years on each of the counts. Defendant appealed. The Court of Appeals remanded for resentencing because Judge Silverman had not considered the less severe sentences imposed on the separately tried codefendants who had been sentenced by Judge Leonard Townsend. Unpublished opinion per curiam, decided June 23, 1988 (Docket No. 97045). On remand, Judge Silverman, sua sponte, disqualified himself in order "to preserve the appearance of justice and fairness." Over defendant's objection, the case was assigned to Michael J. Talbot, J., who considered the sentences imposed on the codefendants, determined that the sentences were "pitifully low," "a disgrace," and "shocking to one's conscience," and again sentenced defendant to a prison term of from thirty-five to sixty years. Defendant appealed.

The Court of Appeals *held:*

1. Judge Silverman could properly consider sua sponte the question of his own disqualification. Judge Silverman did not err in determining that he should disqualify himself from resentencing defendant.

2. The Court of Appeals order requiring consideration of the sentences imposed on the codefendants did not mandate that the sentences imposed on defendant not exceed those sentences. Judge Talbot's reasons for imposing the sentences he did justify those sentences. The sentences do not constitute an abuse of discretion which shocks the conscience of the Court of Appeals.

Affirmed.

1. CRIMINAL LAW — SENTENCING — RESENTENCING — DISQUALIFICATION OF JUDGE.

It is not error for a trial judge, when faced with the resentencing

REFERENCES

Am Jur 2d, Criminal Law §§ 538, 541, 552, 580, 602.
See the Index to Annotations under Sentence and Punishment.

of a criminal defendant pursuant to an order of remand from the Court of Appeals, to sua sponte disqualify himself from resentencing the defendant where the judge does not feel that he would be able to put out of his mind his previously expressed views and findings without substantial difficulty.

2. CRIMINAL LAW — SENTENCING — SENTENCES OF SIMILAR DEFENDANTS.

A trial court in imposing sentence should consider the sentences of similarly situated defendants; however, the mere fact that a codefendant received a more lenient sentence from another judge does not prohibit the imposition of a harsher sentence where such harsher sentence did not result from any unjustifiable or impermissible considerations by the court.

*Frank J. Kelley,* Attorney General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Susan Randolph,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant.

Before: REILLY, P.J., and GILLIS and CYNAR, J.

CYNAR, J. Following a June, 1986, jury trial in the Detroit Recorder's Court, Judge Lawrence D. Silverman presiding, defendant was found guilty of four counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), for his participation in the sexual assault of a thirteen-year-old girl. Six other men were also involved in the assault. Three of the men were charged with CSC I and were tried separately and convicted following bench trials before Recorder's Court Judge Leonard Townsend. On July 8, 1986, defendant was sentenced to thirty-five to sixty years imprisonment on each count by Judge Silverman. Defendant appealed as of right from those sentences. This Court remanded for resentencing because Judge Silverman had not considered the sentences imposed upon

the codefendants, which were less severe than those imposed on defendant. Unpublished opinion per curiam of the Court of Appeals, decided June 23, 1988 (Docket No. 97095). On remand, Judge Silverman, sua sponte, disqualified himself in an order dated July 25, 1988, stating that such was necessary "to preserve the appearance of justice and fairness." Over defendant's objection, the case was assigned to an alternate judge, Judge Michael J. Talbot, who, on August 23, 1988, considered the sentences imposed on the codefendants and resentenced defendant to the same sentences previously imposed, i.e., thirty-five to sixty years imprisonment on each count. Defendant once again appeals as of right. We affirm.

Defendant argues first that Judge Silverman was without authority to disqualify himself, on his own motion, "to preserve the appearance of justice and fairness." We disagree.

MCR 2.003(A) provides that the judge may raise the issue of disqualification on his or her own motion. See also *People v Gibson (On Remand),* 90 Mich App 792, 796; 282 NW2d 483 (1979), lv den 408 Mich 868 (1980). Further, even if there is no bias towards the defendant by the original judge, this Court has held that reassignment for resentencing is appropriate "to preserve the interests of justice and fairness" where "[i]t would be unreasonable to expect the trial judge to be able to put out of his mind his previously expressed views and findings without substantial difficulty." *People v Williams,* 168 Mich App 150, 153; 424 NW2d 1 (1988). See also *People v Evans,* 156 Mich App 68, 72; 401 NW2d 312 (1986).

In this case, at the hearing on defendant's motion to set aside the order of disqualification, Judge Silverman stated:

Nevertheless for the reasons this Court has stated upon this record, just to summarize, I honestly believe that due to this Court's previously expressed views and findings, it would be substantially difficult at the very least for one to reasonably expect this Court to erase from its mind those viewpoints which I previously expressed and therefore, I believe that in the interest of fairness and justice that that is the reason that this Court entered the order initially on my own, and the motion before this Court is to set aside the order of disqualification.

I deny that particular motion.

We find no error in Judge Silverman's decision.

Next, with respect to the sentences imposed by Judge Talbot, defendant argues that his sentences are so disparate from those imposed on the other participants in the attack that it should shock the conscience of this Court. However, we find nothing so shocking about defendant's sentences.

The previous opinion of this Court which remanded defendant's case for resentencing specifically stated:

The trial court may consider the sentences of the other participants in this crime insofar as they reflect culpability, background, potential for rehabilitation, need for punishment and any other factor that relates to sentencing. *We do not wish to imply that the judge is bound by the other sentences. They may have been too high or too low* but when four people commit an offense at the same time it is certainly appropriate for the probation department, counsel for both sides and the court to compare one defendant to another. The appropriateness of this process is not diminished by the fortuitous fact that some of the defendants were sentenced by a different judge. [Emphasis added.]

In imposing sentence, Judge Talbot stated in part:

> So you have four counts of rape against this child. Some of the problems of this child we'll not know about for years to come, everything from AIDS which she runs the risk of for the next four or five years and she won't know about it, to being imprisoned in her own mind, even though you will be out some day, from being gang raped by you and your buddies and your other pals.
>
> The fact that the other guy got such a pitifully low sentence is a disgrace. I'll take it into consideration; it's a disgrace. That sentence of ten to twenty is shocking to one's conscience. Should be. When the range is 180 to life in prison, even under the low end of it, this fellow got a break.

We agree wholeheartedly. The facts of this case are particularly heinous. A thirteen-year-old girl was abducted off the street and carried to an abandoned house where she was repeatedly forced at gunpoint to engage in sexual intercourse and fellatio by as many as seven different men. Defendant was convicted of four counts of CSC I. The sentencing guidelines prepared for those convictions recommended a minimum sentence range of fifteen years to life imprisonment. The minimum sentence imposed on defendant, i.e., thirty-five years, fell within that recommendation, and defendant does not claim thirty-five years exceeds his reasonable life expectancy. As the sentence is within the guidelines' recommended range, it is presumptively valid. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987).

We agree that under *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), a trial judge should "consider" the sentences of similarly situated defendants, in this case co-participants in the crime,

as "[i]ncreased uniformity in sentencing similarly situated defendants is said to be in keeping with our constitutional concept of a unified judiciary in this state." *Id., p 545.* However, we also note the *Coles* Court did articulate further the basis of its concern over disparate sentences, stating:

> We are not prepared at present to decide whether disparity in sentencing may result from the different priorities of the community in which a defendant committed an offense. *However, we do agree that disparity in sentences which results from considerations such as the race or economic status of a defendant or the personal bias and attitude of an individual sentencing judge is unjustified and impermissible.* Unjustified disparities promote disrespect for the criminal justice system and resentment among prisoners, thus impairing their morale and motivation for rehabilitation. We conclude that such sentences should be subject to appellate review and relief when warranted. [417 Mich 546; emphasis added.]

In this case, we find no evidence that defendant's sentences resulted from any personal bias on the part of Judge Talbot, nor that they were the product of any unjustified or impermissible considerations of the type proscribed in *Coles, supra.* We find that Judge Talbot appropriately considered the sentences of the other participants in the crime, as directed by the previous panel of this Court. We find no basis in *Coles, supra,* or any other body of law, to support the concept that defendant is necessarily entitled to a more lenient sentence merely because his fellow participants in the crime were fortunate enough to receive such leniency before a different judge, where every other permissible sentencing factor in the case justifies the sentence imposed.

We find that the sentences imposed upon defen-

dant were an appropriate response to the crime and the criminal. *Coles, supra,* p 537. Accordingly, we hold that defendant's sentences do not constitute an abuse of discretion which shocks the conscience of this Court. *Coles, supra,* p 550.

Affirmed.