PEOPLE v CLARK

Docket No. 117217. Submitted February 7, 1990, at Detroit. Decided
    May 29, 1990.

Sean Clark pled guilty of possessing at least 225 grams but less
    than 650 grams of cocaine, Detroit Recorder's Court, Robert L.
    Evans, J. At sentencing, the court departed from the ten-to-
    thirty-year prison term mandated by statute and imposed a
    sentence of five to thirty years. The people appealed.

The Court of Appeals *held:*

1. The prosecution, pursuant to MCL 770.12(1); MSA
28.1109(1), may appeal as of right the sentence of a convicted
defendant.

2. A trial court, when sentencing a defendant convicted of a
controlled substance offense for which a mandatory minimum
sentence of imprisonment is set forth under statute, may
depart from the mandatory sentence only for substantial and
compelling reasons. Factors used in departing from the manda-
tory sentence must be objective and must be of such signifi-
cance that the statutory sentence is clearly inappropriate.
Under the circumstances in this case, the fact that defendant's
accomplice received a shorter sentence or that defendant's
criminal conduct may have been less culpable than that of his
accomplice are not substantial and compelling reasons from
departing from the mandatory sentence. An additional reason
for departure given by the trial court was defendant's cooper-
ation with the police. However, the extent of such cooperation
is not clear from the record. A remand is therefore necessary
for a determination of whether defendant's cooperation with
the police is a substantial and compelling reason for departing
from the mandatory sentence.

Sentence reversed and case remanded.

REFERENCES

Am Jur 2d, Appeal and Error § 268; Criminal Law §§ 598, 599;
    Drugs, Narcotics, and Poisons § 48.
Validity of state statute imposing mandatory sentence or prohibit-
    ing granting of probation or suspension of sentence for narcotic
    offenses. 81 ALR3d 1192.

1. CRIMINAL LAW — SENTENCING — APPEAL.

> The prosecution may appeal as of right the sentence of a convicted defendant (MCL 770.12[1]; MSA 28.1109[1]).

2. CONTROLLED SUBSTANCES — SENTENCING — MANDATORY SENTENCES — JUDICIAL DISCRETION.

> A trial court, when sentencing a defendant convicted of a controlled substance offense for which a mandatory minimum sentence of imprisonment is set forth under statute, may depart from the mandatory sentence only for substantial and compelling reasons; factors used in departing from the mandatory sentence must be objective and must be of such significance that the statutory sentence is clearly inappropriate (MCL 333.7401[4], 333.7403[3]; MSA 14.15[7401][4], 14.15[7403][3]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *George E. Ward,* Chief Assistant Prosecutor, for the people.

*Frank Singer,* for defendant.

Before: SULLIVAN, P.J., and DOCTOROFF and J. W. FITZGERALD,* JJ.

PER CURIAM. Defendant pled guilty to possession of at least 225 grams but less than 650 grams of cocaine, MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii). The trial court sentenced him to a term of five to thirty years of imprisonment. The prosecutor appeals from the sentence imposed and contends that he has authority to appeal as of right defendant's sentence and that the trial court erred in imposing a sentence below the statutory minimum.

According to defendant, on October 19, 1988, he was at a house in Detroit when a friend offered him $100 to hold a large package containing approximately 370 grams of cocaine for an hour or

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

more. The friend brought a safe into the basement of the house, placed the cocaine inside and locked the safe. Defendant hid the safe behind a door, and his friend left. When the friend did not come back as expected, defendant left, and he was arrested upon his return later that night.

Regarding the first issue raised, we agree that the prosecutor may appeal as of right the defendant's sentence pursuant to MCL 770.12(1); MSA 28.1109(1), as amended by 1988 PA 66. See *People v Downey,* 183 Mich App 405, 407-409; 454 NW2d 235 (1990); *People v Reynolds,* 181 Mich App 185; 448 NW2d 774 (1989). However, defendant argues that, because a successful appeal by the prosecutor could subject him to an increased sentence upon resentencing, allowing the prosecutor to appeal from a sentence violates due process. Because resentencing after a successful appeal by the prosecutor from the defendant's original sentence would be based on specific, articulable grounds, due process would not be violated. The due process requirement that vindictiveness against defendant not play a part in his resentencing after retrial is simply not implicated in this context.

The prosecutor contends that the reasons given by the trial judge for departing from the minimum term of imprisonment mandated by § 7403(2)(a)(ii) were not "substantial and compelling," within the meaning of that section. Section 7403(2)(a)(ii) mandates imprisonment for not less than ten years nor more than thirty years. In sentencing defendant, the trial court found as mitigating circumstances that James Poole, defendant's friend who allegedly supplied the drugs, was sentenced to a five- to thirty-year term of imprisonment and that defendant's possession of the drugs was transitory, was for another person, and was not as a dealer. In a private, side-bar conversation, the court also con-

sidered as a mitigating circumstance defendant's cooperation with the police in providing information which led to the supplier's arrest. The trial court found those circumstances to constitute "substantial and compelling reasons" to depart from the mandatory minimum term of imprisonment, see § 7403(3), and sentenced defendant to a term of five to thirty years.

In *Downey, supra,* a panel of this Court considered this issue in the context of MCL 333.7401(2)(a)(ii)-(iv); MSA 14.15(7401)(2)(a)(ii)-(iv), which prohibits controlled substance violations involving delivery and manufacture. Because departure from the minimum term of imprisonment authorized under either § 7401 or § 7403 must be based on a finding "that there are substantial and compelling reasons to do so," §§ 7401(4) and 7403(3), the reasoning of the Court in *Downey* is applicable in this case.

After consideration of the statutory language, the panel in *Downey, supra* at 410-412, reviewed the presumptive sentencing statutes and guidelines from other states and listed factors which could be considered substantial and compelling reasons to depart from the mandatory minimum sentences contained in § 7401(2)(a)(ii)-(iv). The panel stated:

We conclude that the Legislature intended to give discretion to depart from the presumptively mandatory sentences only in exceptional cases. The scope of a sentencing court's discretion is thus narrow, the factors used in departing must be objective and must be of such significance that the statutory sentence is clearly inappropriate to the offender. The trial court must keep in mind that the Legislature has declared that the mandatory minimum sentence is an appropriate sentence. The trial court must begin its analysis from that per-

spective. We review the trial court's decision to impose an exceptional sentence for an abuse of the narrowly defined discretion which it possesses. [*Id.* at 416.]

In reaching its conclusion that the factor must be objective, the Court explained that it must be capable of verification. *Downey, supra.* A defendant's prior record, for example, is readily verifiable and objective. However, "a defendant's protestations of remorse and his actions after his arrest which are relied upon to show his remorse and rehabilitative potential are much more subjective and thus would not, absent other exceptional circumstances, be appropriate factors to consider." *Id.*

Here, the trial judge found "the most mitigating circumstance" was that Poole had received a sentence below the statutory requirement. However, this factor is not one we consider to be substantial and compelling. The policy of this state favors individualized sentencing for every defendant. *People v Adams,* 430 Mich 679, 686; 425 NW2d 437 (1988); *People v Coles,* 417 Mich 523, 537; 339 NW2d 440 (1983). The trial court has broad discretion to impose a sentence tailored to the circumstances of the case and the offender in an effort to balance society's need for protection against its interest in rehabilitating the offender. *Id.; People v Van Etten,* 163 Mich App 593, 595; 415 NW2d 215 (1987), lv den 428 Mich 922 (1987). Although fairness and equal treatment in sentencing are desirable, because our system provides for individualized sentencing based on many factors, a defendant's sentence does not necessarily reflect the degree of his culpability. As this Court explained in *People v Weathington,* 183 Mich App 360, 365; 454 NW2d 215 (1990):

We find no basis in *Coles, supra,* or any other

body of law, to support the concept that defendant is necessarily entitled to a more lenient sentence merely because his fellow participants in the crime were fortunate enough to receive such leniency before a different judge, where every other permissible sentencing factor in the case justifies the sentence imposed.

Second, the record before us does not support the trial court's conclusion that defendant's criminal conduct was less culpable than that of Poole. As the panel in *Downey, supra,* explained, to be substantial and compelling, the reasons for departure must be objective and verifiable. The record does not indicate the extent of Poole's conduct in an objective and verifiable manner. In addition, the extent of defendant's conduct should not be based merely upon his self-serving assertions. We note that, according to the preliminary examination transcript, papers belonging to defendant were found inside the safe, suggesting that it belonged to, or was used personally by, defendant. The record, as it stands, does not persuade us that defendant has, as he is required, demonstrated that Poole's shorter sentence constituted an objective and verifiable reason justifing departure from the mandatory minimum sentence. See *Downey, supra* at 412.

The trial court also found as mitigating circumstances that defendant's possession of the drugs was transitory, was for another person, and was not as a dealer. Those circumstances are not substantial and compelling because they are not objective and verifiable. The degree to which defendant's possession was transitory is based on his own assertions, which are contradicted by the presence of his personal papers in the safe containing the drugs. The criminal conduct which the

Legislature intended to punish under § 7403 was the possession of drugs. Whether possession is transitory is a subjective judgment. Any possession of such a large amount of drugs is likely to be "for another person." Finally, absent police intervention, the success of Poole, the alleged dealer in the case, would have been directly furthered by defendant's agreement to keep the drugs secure.

As to the third reason for departure given by the trial court, defendant's cooperation with the police, this factor may, in some circumstances, be so "substantial and compelling" as to warrant a sentence below the statutory minimum. However, in this case, the extent of defendant's cooperation is not clear from the record. In addition, the extent of his cooperation must be objective and verifiable. See *Downey, supra.* Therefore, we conclude that the matter should be remanded for the trial court to determine on the record whether, in this case, defendant's cooperation with the police is "substantial and compelling" within the meaning of § 7403(3).

In view of the trial court's reliance upon at least some circumstances which were not substantial and compelling, defendant's sentence is reversed. Resentencing is required, and the trial court must, as the panel in *Downey, supra,* explained, begin with the mandatory sentence and require defendant to "demonstrate that there are objective and verifiable reasons that justify departure."

Reversed and remanded for resentencing consistent with this opinion and in light of *Downey, supra.* We do not retain jurisdiction.