# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 20, 2005

128902 & (33)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant/
      Cross-Appellee,

v

ROBERT VICTOR MICHIELUTTI,
      Defendant-Appellee/
      Cross-Appellant.

SC: 128902
COA: 251706
Macomb CC: 02-001008-FH

_____/

On order of the Court, the application for leave to appeal the May 3, 2005 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals and REMAND this case to the Macomb Circuit Court for entry of the original sentence. The Court of Appeals erred when it held that the March 1, 2003 amendments to MCL 333.7401 of the controlled substances act constitute a substantial and compelling reason to depart below the mandatory minimum sentences imposed by the former version of the act. The Court of Appeals also erred when it held that resentencing is required whenever a sentencing judge fails to address on the record each factor articulated by a defendant as constituting a substantial and compelling reason for departure. MCL 769.34(10). In all other respects, the application for leave to appeal and the application for leave to appeal as cross-appellant are DENIED.

CAVANAGH, J., would deny leave to appeal.

CORRIGAN, J., states as follows:

I concur with the partial reversal of the judgment of the Court of Appeals as set forth in the lead order. I would, however, remand this case to the sentencing court for a determination whether defendant's case presents substantial and compelling reasons to depart below the mandatory minimum in accordance with *People v Fields*, 448 Mich 58, 62, 77-79 (1995). I reject as legally erroneous the sentencing court's statement that a

defendant's cooperation must be successful "such that the criminal enterprise is diminished" in order for a defendant to benefit.

At the time of defendant's sentencing, MCL 333.7401(4) stated that a "court may depart from the minimum term of imprisonment . . . if the court finds on the record that there are substantial and compelling reasons to do so." In *People v Clark*, 185 Mich App 127, 133 (1990), the Court of Appeals held that a defendant's cooperation with law enforcement may, in some circumstances, be so "substantial and compelling" as to warrant a sentence below the statutory minimum. It noted that the extent of the defendant's cooperation must be objective and verifiable. *Id.* The *Clark* case did not include any criterion regarding the success or failure of the defendant's cooperation. In *People v Stewart*, 472 Mich 624, 633 (2005), this Court held that a defendant who has provided to law enforcement information that was found to be neither useful nor relevant can be considered to have cooperated with law enforcement if that defendant never had any relevant or useful information to provide. We construed explicit statutory language in so doing. But we also noted that "cooperate" is defined as "'to work together; 1) to act or work together with one another or others for a common purpose.'" *Id.* at 636, quoting *Webster's New World Dictionary, Second College Edition*. We further noted that "cooperation would include conduct such as participating in a controlled drug buy or a sting operation, or engaging in some other conduct to work with law enforcement toward a common goal." *Stewart, supra* at 636. Nothing in the definition of cooperation includes "success" as an element.

I believe the question whether a defendant's efforts at cooperation must actually succeed in affecting the criminal enterprise presents a pure question of law. Sentencing courts should operate according to a uniform standard, not varying viewpoints, in this regard. A defendant should not be denied the benefit of his cooperation because the cooperation yielded no fruits. For example, a cooperative defendant might agree to go undercover in an attempt to purchase narcotics. The defendant's efforts, however, do not diminish the criminal enterprise if the drug dealer becomes nervous and decides not to make the sale. The drug dealer's behavior should not affect whether the defendant may benefit from his cooperative efforts. A defendant takes a risk in participating in undercover operations. He thus should be permitted to benefit from his cooperation if it is objective and verifiable. In *People v Atkins*, 397 Mich 163, 173 (1976), this Court stated that "[i]t would be atypical if an addict-informer did not have an expectation of consideration for his cooperation in a given case. The well of informer cooperation would soon run dry if law enforcement consistently adhered to a policy of no consideration." Likewise, if trial courts ignore cooperative efforts because those efforts are ultimately unsuccessful, defendants may become reluctant to cooperate with law enforcement. Moreover, if courts "exercise their discretion" to require that cooperation must succeed, some cooperating defendants may be incentivized to fabricate information to make a stronger case for the prosecution.

For the above reasons, I would vacate defendant's sentence and remand to the trial court for resentencing.

KELLY, J., dissents and states as follows:

I would deny leave to appeal. I believe that the Court of Appeals reached the correct conclusion in this case. Contrary to the majority's characterization, the Court of Appeals did not require the sentencing court to address each factor articulated by defendant. It merely stated that the sentencing court should make an adequate record to support meaningful review, especially regarding factors that have been deemed substantial and compelling in the past.

I also agree with Justice Corrigan that we should view cooperation with law enforcement more favorably. A defendant often runs considerable risk in making attempts to cooperate. Therefore, a defendant should not be denied the benefit of that cooperation just because it did not produce the desired results.

Finally, I would affirm the Court of Appeals holding regarding the effect of ameliorative changes made by the Legislature to MCL 333.7401. The fact that certain mandatory minimum sentences were eliminated could constitute an objective and verifiable reason to depart downward from the guidelines' minimum sentence in some cases. The decision should be left to the discretion of the trial court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 20, 2005

_____
Clerk

s1017