*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LAURA MAE HART,

        Defendant-Appellant.

UNPUBLISHED
December 18, 2024
12:53 PM

Nos. 361999; 368096
Washtenaw Circuit Court
LC No. 21-000034-FC

## ON REMAND

Before: RIORDAN, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

These consolidated appeals are currently before this Court in an atypical procedural posture. Both appeals stem from claims filed by defendant in the same underlying criminal case, emanating from two distinct versions of her judgment of sentence. Defendant's initial appeal, Docket No. 361999, was returned to this Court on remand from our Supreme Court for reconsideration according to our Supreme Court's decision in *People v Posey*, 512 Mich 317; 1 NW3d 101 (2023). Conversely, Docket No. 368096 addresses a new claim of appeal arising from an amended judgment of sentence that was rendered void ab initio, as it was issued by the trial court when it lacked jurisdiction, given that appellate review of defendant's original judgment of sentence was still ongoing in our Supreme Court. See generally *People v Washington*, 508 Mich 107; 972 NW2d 767 (2021).

We accepted the prosecution's confession of *Washington* error and, on that basis, vacated the amended judgment of sentence from which defendant claimed her appeal in Docket No. 368096. *People v Hart*, unpublished order of the Court of Appeals, entered April 3, 2024 (Docket No. 368096) (*Hart III*). We also remanded for further proceedings in the trial court, explaining as follows:

> Before this Court can comply with our Supreme Court's remand instructions in [*People v Hart*, 513 Mich 922 (2023) (*Hart II*)], remand is necessary for the trial court to enter a valid judgment of sentence. As noted, the September

-1-

11, 2023 amended judgment of sentence was *void ab initio* for lack of subject-matter jurisdiction. And as we explained in *People v Hart*, unpublished per curiam opinion of the Court of Appeals, issued June 22, 2023 (Docket No. 361999) (*Hart I*), in the original judgment of sentence, defendant's minimum sentence for unlawful imprisonment violated the two-thirds rule set forth in MCL 769.34(2)(b). In that respect, defendant's original judgment of sentence remains partially "invalid." See *People v Thomas*, 447 Mich 390, 393-394; 523 NW2d 215 (1994). Accordingly, before this Court can properly review the proportionality of defendant's within-guidelines sentences under the *Milbourn*[1] standard, as now permitted by *Posey*, we are obliged to remand for the trial court to enter a valid judgment of sentence actually imposing the sentences that will be reviewed by this Court. [*Hart III*, unpub order at 1 (alterations added; original footnotes omitted).]

The trial court appropriately adhered to the remand instructions by issuing a second amended judgment of sentence on May 30, 2024. Notwithstanding our invitation to the parties to proceed accordingly, as referenced in *id.* at 2, they have not requested permission to submit supplemental briefs subsequent to the remand proceedings below.

Thus, we now turn to the sole remaining task before us—to wit, complying with our Supreme Court's remand instructions to consider the reasonableness of defendant's sentences in light of *Posey*. For the reasons set forth in this opinion, we conclude that defendant has not carried her burden of rebutting the presumption that her within-guidelines sentences, as set forth in her May 30, 2024 judgment of sentence, are reasonable and proportionate under the *Milbourn* standard.

Most of the relevant facts are delineated in our opinion in Hart I, and in the interest of conciseness, we will refrain from reiterating them herein. It is sufficient to observe that, after a jury trial, defendant was found guilty of carjacking, MCL 750.529a, and unlawful imprisonment, MCL 750.349b. The trial court initially imposed concurrent sentences ranging from 135 months to 30 years for the carjacking conviction and 135 months to 15 years' imprisonment for the unlawful imprisonment conviction.

In the May 30, 2024 judgment of sentence at issue here, defendant's sentence for carjacking remains the same: imprisonment for a term of 135 months to 30 years. However, following our previous remand instructions, the trial court altered the sentence for unlawful imprisonment to cure the violation of the "two-thirds rule," imposing a lower minimum sentence of 120 months (rather than the original minimum sentence of 135 months), while leaving the maximum sentence at 15 years' imprisonment.

---

[1] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

Before our Supreme Court's plurality[2] decision in *Posey*, this Court had held that, in light of MCL 769.34(10)—and despite *Lockridge*[3]—"[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196 & n 1; 886 NW2d 173 (2016), overruled by *Posey*, 512 Mich at 326. In *Posey*, however, a plurality of our Supreme Court decided that—for differing reasons—the first sentence of MCL 769.31(10) is unconstitutional in that respect and that, as such, the statute does not preclude a defendant from raising a *Milbourn* challenge to the reasonableness/proportionality of a within-guidelines sentence. *People v Posey (On Remand)*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 345491); slip op at 2. In cases such as this one, "there is a nonbinding presumption of proportionality," and defendant bears the burden of rebutting that presumption by demonstrating that her within-guidelines sentences are unreasonable or disproportionate. See *id*.

As noted, in reviewing the proportionality of defendant's sentences, we apply the *Milbourn* standard, "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." See *People v Steanhouse*, 500 Mich 453, 459; 902 NW2d 327 (2017) (quotation marks and citation omitted). "[E]ach sentence is to be reviewed on its own merits," and "a proportionality challenge to a given sentence must be based on the individual term imposed and not on the cumulative effect of multiple sentences." *People v Norfleet*, 317 Mich App 649, 663; 897 NW2d 195 (2016). As this Court explained in *Posey (On Remand)*, ___ Mich App at ___, slip op at 2-3, the trial court's ultimate decision is reviewed for an abuse of discretion,[4] in consideration of the following principles:

> "An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022). With respect to sentencing and the guidelines, the key test is not whether a sentence departs from or adheres to the guidelines range. *Steanhouse*, 500 Mich at 472. The key test is whether the sentence is proportionate to the seriousness of the matter. *Id*. In regard to proportionality, the *Milbourn* Court "observed that the Legislature has determined to visit the stiffest punishment against persons who have demonstrated an unwillingness to obey the law after prior encounters with the criminal justice system." *Milbourn*, 435 Mich at 668. "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the

---

[2] Although our Supreme Court's decision in *Posey* was a plurality decision and was, as such, at least arguably nonbinding, this Court has decided, "in the interest of judicial economy and jurisprudential stability," that it will "apply the essential holdings upon which the *Posey* plurality agreed[.]" *People v Purdle*, ___ Mich App ___, ___; ___ NW2d ___ (2024) (Docket No. 353821).

[3] *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

[4] "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *People v Fonville*, 291 Mich App 363, 376; 804 NW2d 878 (2011).

more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003).

It is noteworthy that defendant concedes that the minimum sentence imposed by the trial court for the offense of carjacking—135 months—represents the absolute minimum within the applicable guidelines range. Nevertheless, defendant contends that her sentencing is disproportionate given her history of treatable mental health and substance abuse disorders, which she attributes to traumatic experiences in her childhood. In this regard, it must be acknowledged that this case presents an exceptionally challenging and distressing circumstance. As this opinion will ultimately become part of the public record, we are reluctant to reiterate the pertinent details outlined in defendant's presentence investigation report; it suffices to state that the record reflects defendant's experience of extremely severe trauma during her childhood. Furthermore, we are deeply affected by the profound human tragedy presented in this case. It is evident that the trial court was similarly affected by defendant's traumatic history and appropriately accounted for these factors during the sentencing process. In imposing the bottom-of-the-guidelines sentence that it did for the sentencing offense of carjacking, the trial court emphasized that it had been: "wrestling with" this sentencing decision for "several weeks," frankly admitting: "[S]adness is the only way to describe this, how this is going to impact the life [defendant] wants to correct . . . ." The trial court also encouraged defendant to continue her efforts at rehabilitation, stating: "It's never too little too late." Proportionality is, however, not measured exclusively by the *offender's* circumstances; a court must also consider the seriousness of the offense and factors such as deterrence, the protection of society, and prior recidivism by the defendant. See generally *Posey (On Remand)*, ___ Mich App at ___, slip op at 2-3. Childhood trauma does not grant justification for inflicting similar trauma upon others. Despite the empathy we may possess for defendant's past circumstances, the documentation illustrates that, when the contested sentences were administered, there existed substantial justification to ascertain that she presented a persistent threat to society as a whole—indeed, to both herself and others—when outside of a correctional environment. Defendant does not contest her extensive history of substance abuse, mental health issues, and patterns of criminal recidivism, with the current cases representing her sixth and seventh felony convictions.

Furthermore, the gravity of the actions that resulted in defendant's convictions in this matter cannot be overstated. The evidence presented during the trial demonstrated that she instigated a nonfatal yet exceptionally brutal carjacking incident. During this incident, the victim, who was homeless and parked outside a shelter seeking assistance, was ambushed and assaulted by defendant and Kevin Schoenmetz. The victim suffered multiple bites inflicted by defendant, was forcibly transported to another location against her will, and was subjected to repeated threats of imminent death. For these reasons, we find defendant's argument claiming that her sentences were disproportionate, when assessed in light of all pertinent factors, unpersuasive. We are not convinced by defendant's assertion that her sentences are inherently disproportionate, particularly because the other perpetrator, Schoenmetz, evidently received a probationary sentence instead of a prison sentence, following his no-contest plea to a singular count of unlawful imprisonment. It is accurate that, in adopting the Milbourn standard, our Supreme Court stated:

> [I]t is our hope and belief that the proportionality test will have the additional, incidental effect of fostering "sentencing equity," i.e., that it will provide better protection against unjustified sentence disparity between similarly situated

offenders, a phenomenon we condemned in [*People v Coles*, 417 Mich 523; 339 NW2d 440 (1983), overruled in part by *Milbourn*, 435 Mich at 635-636,] and which has been justly held up to criticism of the most vehement sort. [*Milbourn*, 435 Mich at 636 (footnotes omitted).]

It is also true that *Coles* and some of its limited progeny, see, e.g., *People v Weathington*, 183 Mich App 360, 364; 454 NW2d 215 (1990), support the proposition that it is appropriate for a sentencing court to consider the sentence(s) imposed on similarly situated defendants—particularly other participants in the same crime—when deciding what sentence is warranted in a given case.

Here, defendant has not provided any evidence regarding several material points, such as whether Schoenmetz's plea was entered following a sentencing agreement negotiated with the prosecution, whether his prior criminal record is comparable to that of defendant, and whether Schoenmetz may have benefited from greater familial and community support that could potentially reduce his likelihood of reoffending. More significantly, defendant's argument overlooks the fact that Schoenmetz and defendant are not in analogous situations; unlike defendant, Schoenmetz was not convicted of the sentencing offense that is currently at issue in this case. Carjacking, which is "a felony punishable by imprisonment for life or for any term of years." See MCL 750.529a(1). Rather, Schoenmetz was convicted of a single count of unlawful imprisonment, which is "a felony punishable by imprisonment for not more than 15 years[.]" See MCL 750.349b(2). Hence, we consider the presence of differences insufficiently explained and ultimately insignificant. Even if we assume, for the sake of argument, that defendant and Schoenmetz were in comparable positions in all relevant aspects, it is not surprising that the individual who was convicted of a 15-year felony received a lesser sentence than the individual convicted of a capital offense. In conclusion, after thorough examination of the record and due consideration of all relevant factors, we conclude that the trial court did not abuse its discretion by declining to impose a downward departure sentence, in contrast to a sentence at the minimal guideline level, for the offense of carjacking. Moreover, we do not discern any basis to claim that defendant has effectively rebutted the presumption that her concurrent, lesser sentence for unlawful imprisonment was both reasonable and proportionate. On the contrary, we maintain the view that the trial court's contested sentencing determinations ultimately produced an outcome that remains well within the range of reasonable and principled resolutions. Therefore, we affirm the defendant's convictions and sentences as documented in her judgment of sentence dated May 30, 2024. This opinion constitutes our final judgment in these consolidated appeals. See MCR 7.215(E)(1).

Affirmed.

/s/ Michael J. Riordan
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra