PEOPLE v CARDENAS

Docket No. 242977. Submitted June 28, 2004, at Lansing. Decided
    September 7, 2004, at 9:05 A.M.
        Jose C. Cardenas was convicted in 1990 in the Oakland Circuit Court
        of delivery of 650 grams or more of cocaine, conspiracy to deliver
        650 or more grams of cocaine, and delivery of 225 grams or more
        but less than 650 grams of cocaine. The court, Edward Sosnick, J.,
        sentenced the defendant to life in prison without parole for the
        convictions involving 650 or more grams of cocaine and twenty to
        thirty years' imprisonment for the conviction of delivery of 225
        grams or more but less than 650 grams of cocaine. After the
        enactment of MCL 791.234(10), which amended the life without
        parole sentence for certain controlled substance convictions to
        permit parole and expedited parole eligibility, the defendant filed a
        motion for a judicial determination that he cooperated with law
        enforcement and was therefore eligible for parole and expedited
        parole consideration. The court denied the motion. The Court of
        Appeals, FORT HOOD, P.J., and BANDSTRA and METER, JJ., reversed
        the trial court's denial of the defendant's motion solely on the
        basis that it was required by MCR 7.215(J) to follow *People v
        Matelic*, 249 Mich App 1 (2001), which held that a defendant is
        entitled to an evidentiary hearing to determine whether he has
        cooperated with law enforcement where, as in this case, the
        defendant expressed an intent to cooperate with law enforcement.
        The Court convened a special panel to resolve the conflict between
        this case and *People v Matelic*, and vacated its opinion in this case.
        260 Mich App 801 (2004).

        After consideration by the special panel, the Court of Appeals
        *held*:

        A defendant can establish cooperation under MCL 791.234(10)
        by showing that he provided information relating to his unlawful
        activity that is relevant and useful to law enforcement, or by
        demonstrating that he never possessed information that was
        relevant and useful to law enforcement. However, a defendant fails
        to establish cooperation and is as a matter of law not entitled to
        early parole under MCL 791.234(10) if he possessed information
        that was relevant and useful to law enforcement, but which is now

stale and irrelevant. Moreover, a defendant is not entitled to an evidentiary hearing to determine whether the defendant could provide law enforcement with relevant and useful information because § 234(10) requires the defendant to either cooperate before he files a motion requesting the trial court to conduct such a hearing or demonstrate that at no time before the filing of the motion did he have such information to provide. Similar to the defendant in *Matelic*, the defendant's letter to the prosecution merely offered to cooperate and provide information related to his unlawful activity that occurred twelve years earlier. However, contrary to the holding in *Matelic*, an offer to cooperate at some future point does not entitle the defendant to an evidentiary hearing to determine whether he has cooperated for purposes of MCL 791.234(10).

Affirmed.

PAROLE — CONTROLLED SUBSTANCES — LIFE IMPRISONMENT — EXPEDITED PAROLE ELIGIBILITY.

A defendant convicted of a controlled substance violation that requires life imprisonment can be eligible for parole and expedited parole only if the defendant demonstrates that he has provided law enforcement with useful and relevant information pertaining to his unlawful activity or that he never possessed such information before filing a motion for judicial determination of cooperation; a defendant is not entitled to an evidentiary hearing of cooperation nor expedited parole eligibility where he merely offers to cooperate with law enforcement before filing a motion for judicial determination of cooperation (MCL 333.7401[2][a][i], 791.234[10]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *David G. Gorcyca*, Prosecuting Attorney, and *Anica Letica*, Assistant Prosecuting Attorney, for the people.

Jose Carlos Cardenas in propria persona.

Before: ZAHRA, P.J., and SAWYER, NEFF, WHITE, MARKEY, O'CONNELL, and KELLY, JJ.

ZAHRA, P.J. Pursuant to MCR 7.215(J), this Court convened a special panel to resolve the conflict between the prior opinion in this case, *People v Cardenas*, 260

Mich App 801 (2004), and *People v Matelic*, 249 Mich App 1; 641 NW2d 252 (2001). These cases involve the interpretation and application of MCL 791.234(10), which expedites parole eligibility by 2-1/2 years for an offender convicted and sentenced to life imprisonment under MCL 333.7401(2)(a)(i) when the sentencing court determines on the record that the offender "has cooperated with law enforcement." In *Matelic, supra* at 7-8, the defendant sought early parole eligibility under MCL 791.234(10) by sending a letter to the prosecutor's office indicating that he was willing to cooperate with law enforcement. The *Matelic* panel held that the defendant was entitled to a hearing "to determine whether defendant could provide law enforcement any specific information potentially germane to the execution of law enforcement duties." *Matelic, supra* at 18. The original *Cardenas* panel followed the *Matelic* panel's holding and reversed the trial court, but only because it was required to do so pursuant to MCR 7.215(J).

Contrary to the *Matelic* panel's opinion, we conclude that a trial court is not required to conduct an evidentiary hearing to determine compliance with MCL 791.234(10) on a defendant's mere representation that he is willing to cooperate with law enforcement. MCL 791.234(10) requires a defendant to establish cooperation with law enforcement before filing a motion for judicial determination of cooperation. A defendant's mere representation that he is willing to cooperate with law enforcement officials does not entitle a defendant to an evidentiary hearing to determine whether he could provide law enforcement with relevant and useful information sufficient to expedite parole proceedings pursuant to MCL 791.234(10). We conclude that remand for an evidentiary hearing is not warranted in this case and defendant is not entitled to early parole under MCL

791.234(10) because his motion for judicial determination of cooperation failed to establish that he had in fact cooperated with law enforcement. We affirm.

## I. FACTS AND PROCEDURE

In 1990, defendant was convicted of delivery of 650 grams or more of cocaine, MCL 333.7401(2)(a)(i), conspiracy to deliver 650 or more grams of cocaine, MCL 750.157a(a); MCL 333.7401(2)(a)(i), and delivery of 225 grams or more but less than 650 grams of cocaine, MCL 333.7401(2)(a)(ii). At the time of defendant's conviction, MCL 333.7401(2)(a)(i) provided for a mandatory sentence of life imprisonment if a person was convicted of delivering 650 or more grams of cocaine. Further, the former parole eligibility statute, MCL 791.234(4), precluded the possibility of parole for a person convicted and sentenced for such a major controlled substance offense. Thus, the trial court sentenced defendant to mandatory life in prison without parole for the convictions involving 650 or more grams of cocaine and twenty to thirty years' imprisonment for the delivery of 225 grams or more but less than 650 grams of cocaine conviction.

The Legislature subsequently amended the controlled substance laws so that persons serving mandatory life sentences without the possibility of parole would be eligible for parole. The Legislature also provided circumstances under which parole could be expedited. Pertinent to this case is that parole can be expedited by 2-1/2 years if the trial court concludes that defendant "has cooperated with law enforcement." MCL 791.234 (10).[1]

---

[1] In *Matelic, supra* at 6-7, this Court explained the developments of the relevant drug laws:

In 2002, defendant, in order avail himself of the early parole provisions of MCL 791.234(10), sent a letter to the Oakland County Prosecutor expressing his willingness to cooperate with law enforcement. In this letter, defendant wrote, "I propose that you designate a representative from the Prosecutors Office to meet me at the Boyer Road Correctional Facility for a debriefing. I will fully and accurately share the information known to me about my underlying case." The prosecutor decided not to meet with defendant. Defendant then filed a motion for a judicial determination that he had cooperated with law enforcement. The trial court denied defendant's motion for the following reasons:

> Whether the defendant has cooperated with law enforcement is an issue of fact. This court cannot make a determination of cooperation without first holding an evidentiary hearing. Nothing in [MCL 791.234(10)] gives any prisoner a right to a hearing as to whether he has cooperated.

---

In 1998, the Legislature revisited the question of mandatory life imprisonment for traffickers in mixtures of controlled substances in amounts weighing 650 grams or more. The Legislature passed two bills that mitigated somewhat the "drug lifer" law. 1998 PA 319 amended MCL 333.7401(2)(a)(i) to remove this subsection's mandatory life imprisonment language, instead authorizing punishment "for life or any term of years but not less than 20 years." 1998 PA 314 amended MCL 791.234(6) by deleting the subsection's explicit exclusion of violators of MCL 333.7401(2)(a)(i) from parole consideration and by specifically providing for parole eligibility for such an offender after twenty years' imprisonment if the offender "has another conviction for a serious crime," or after 17-1/2 years' imprisonment if the offender "does not have another conviction for a serious crime." 1998 PA 314 also created MCL 791.234(10), which permits an offender convicted under MCL 333.7401(2)(a)(i) who was sentenced to life imprisonment earlier parole eligibility, 2-1/2 years earlier than the periods set forth in MCL 791.234(6), when the sentencing court or its successor finds that the offender "has cooperated with law enforcement."

* * *

The sentencing judge made no determination that the defendant cooperated with law enforcement. The defendant does not claim that he actually cooperated with law enforcement. Rather, he merely seeks to demonstrate that he now has no useful information. However, the standard set forth in the statute is not whether the defendant "has" useful information but whether the defendant "had" useful information. It would make a mockery of the intent of the Legislature to allow a prisoner who did not cooperate to demand early parole based on his refusal to cooperate when he may have had useful information at the time of his conviction. Accordingly, this Court declines to exercise its discretion to grant the defendant a hearing.

The trial court also denied defendant's motion for reconsideration.

## II. ANALYSIS

Defendant argues that the trial court erred in denying his motion for a hearing to determine whether he had cooperated with law enforcement and was thus entitled under MCL 791.234(10) to a 2-1/2 year reduction in the time he must serve before becoming eligible for parole.[2] This issue involves the interpretation of MCL 791.234(10). We review de novo questions of statutory interpretation. *People v Weeder*, 469 Mich 493, 497; 674 NW2d 372 (2004). The goal in construing a statute is " 'to ascertain and give effect to the intent of the Legislature.' " *Id.*, quoting *People v Pasha*, 466 Mich

---

[2] The prosecution argues that under MCL 791.234(6) defendant is eligible for parole after twenty years' imprisonment, rather than after 17-1/2 years' imprisonment as concluded by the trial court. However, an appellee is limited to issues raised by the appellant unless he files a cross-appeal under MCR 7.207. *People v Gallego*, 199 Mich App 566, 575-576; 502 NW2d 358 (1993). Because the prosecution did not present this issue in a cross-appeal, we decline to consider it.

378, 382; 645 NW2d 275 (2002). We begin by examining the plain language of the statute. *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999). Where the statute's language is unambiguous, we assume the Legislature intended its plain meaning, and we enforce the statute as written without further judicial construction. *Weeder, supra* at 497. If reasonable minds can differ concerning the meaning of a statute, the statute is ambiguous and judicial construction is appropriate. *People v Warren*, 462 Mich 415, 427; 615 NW2d 691 (2000). If a statute is ambiguous, "[t]he court must access [sic, assess] the object of the statute and the harm it was designed to remedy and apply a reasonable construction that best accomplishes the purpose of the statute." *People v Lawrence*, 246 Mich App 260, 265; 632 NW2d 156 (2001).

MCL 791.234(10) provides as follows:

> *If the sentencing judge, or his or her successor in office, determines on the record that a prisoner* described in subsection (6) sentenced to imprisonment for life for violating or conspiring to violate section 7401(2)(a)(i) of the public health code, 1978 PA 368, MCL 333.7401, *has cooperated with law enforcement, the prisoner is subject to the jurisdiction of the parole board and may be released on parole as provided in subsection (6), 2-1/2 years earlier than the time otherwise indicated in subsection (6). The prisoner is considered to have cooperated with law enforcement if the court determines on the record that the prisoner had no relevant or useful information to provide.* The court shall not make a determination that the prisoner failed or refused to cooperate with law enforcement on grounds that the defendant exercised his or her constitutional right to trial by jury. If the court determines at sentencing that the defendant cooperated with law enforcement, the court shall include its determination in the judgment of sentence. [Emphasis added.]

The Legislature's use of "have" and "has" as present perfect tense verbs and its use of past tense verbs demonstrate the Legislature's intent. We agree with the following reasoning by Judge WILDER in his partial dissent in *Matelic*:

> Giving the phrases "has cooperated" and "have cooperated" their plain meaning, then, it is clear that the Legislature intended that the prisoner's cooperation must have occurred at some time before the prisoner's application for parole release under MCL 791.234(10). Similarly, the phrase "had no relevant or useful information to provide", when given its plain meaning and considered in relation to the present perfect tense clause "have cooperated," expresses the Legislature's intent that the prisoner must have lacked information before the prisoner's application for treatment under MCL 791.234(10), in order to be found as a matter of law to have cooperated.
>
> Under the statute, then, the offer of "stale" information in an attempt to qualify for treatment under MCL 791.234(10) would fail if the evidence established that the prisoner possessed the information and could have offered it to law enforcement when it was not stale, i.e., relevant and useful, but did not do so. Such a determination must be made in the first instance by the lower court and is a factual determination that we should not disturb unless there is clear error. *People v Fields*, 448 Mich 58, 76; 528 NW2d 176 (1995). [*Matelic, supra* at 31-32.]

By the plain terms of the statute, a defendant's cooperation may not occur after the filing of a motion for a judicial determination of cooperation. Cooperation may be established by showing that a defendant provided information relating to his unlawful activity that was relevant and useful to law enforcement officials. Cooperation may also be established by demonstrating that the defendant never possessed information relating to his unlawful activity that was relevant and useful to law enforcement. But a defendant has not cooperated

with law enforcement and, as a matter of law is not entitled to early parole under MCL 791.234(10), if the defendant possesses information that was once relevant and useful to law enforcement, but is now stale and irrelevant.[3]

We disagree with the *Matelic* panel's conclusion that a defendant is entitled to an evidentiary hearing to determine whether he has cooperated when he merely expresses an intent to cooperate. A trial court need not conduct an evidentiary hearing to determine whether the defendant *could* provide law enforcement any information pertaining to the execution of law enforcement duties because the defendant must cooperate before he files the motion requesting the trial court to conduct the hearing. In order to be entitled to an evidentiary hearing, the defendant has the burden of initially showing in his motion for a judicial determination of cooperation, by affidavit or otherwise, that he has already cooperated with law enforcement or that he had at no time before filing the motion any relevant or useful information to provide. A trial court has the discretion to conduct an evidentiary hearing if it determines after reviewing evidence the defendant submitted, documentation in the lower court file (such as the presentence investigation report), and any responsive pleading from the prosecutor, that a genuine and material factual issue exists regarding whether defendant cooperated. A mere offer to cooperate is insufficient to satisfy this burden.

Here, as in *Matelic*, defendant sent a letter to the prosecutor offering to cooperate. Defendant made no showing in his motion for a judicial determination of

---

[3] The trial court concluded that defendant must have cooperated at the time of his conviction. We disagree. The only temporal limitation the statute places on cooperation is that it must occur before the defendant files his motion for a judicial determination of cooperation.

cooperation that he had cooperated with law enforcement or that he had no relevant or useful information to provide. The only evidence before the trial court at the time of defendant's motion was defendant's letter to the prosecutor expressing his future willingness to cooperate with law enforcement.[4] This letter failed "to establish either that defendant had already cooperated with law enforcement *or* that at no time before the motion did defendant have relevant or useful information to provide." *Matelic, supra* at 32 (WILDER, J., dissenting in part) (emphasis in original). Because the evidence before the trial court at the time of defendant's motion was insufficient to make an initial showing of cooperation with law enforcement, defendant was not entitled to an evidentiary hearing to determine whether he had cooperated.

Affirmed.

---

[4] Defendant alleges that he filed an affidavit with his reply to the prosecution's response to his motion for a judicial determination of cooperation, but this affidavit is not in the lower court file. Even if it were, the affidavit as represented by defendant merely reiterates defendant's offer to cooperate. Defendant also attached an affidavit to his motion for reconsideration, setting forth details that were potentially pertinent to law enforcement duties. But nothing in this affidavit indicates that defendant had already given this information to law enforcement officials before he filed his motion.

Had defendant actually provided information to law enforcement officials before initiating his motion, the trial court could have reviewed defendant's motion, the prosecutor's response, and any documentary evidence offered in support of the parties' respective positions before determining whether the information provided by defendant was relevant and useful. We recognize that there may be limited instances when the documentary evidence presented by the parties will not be sufficient to resolve a motion for judicial determination of cooperation. Under such circumstances, it may be appropriate for the trial court, in the exercise of its discretion, to conduct an evidentiary hearing. However, such a situation did not exist in the present case.