**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**FILED JUNE 28, 2005**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                   No. 124055

LEONARD LAMONT STEWART,

    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

WEAVER, J.

This case is one of statutory interpretation. Under MCL 791.234(10), a prisoner may apply for a judicial certificate of cooperation. If the prisoner is found to have cooperated with law enforcement, then the prisoner is eligible for parole 2.5 years sooner than otherwise. The questions presented are: (1) when the prisoner's cooperation must occur, and when a court may make a determination that cooperation has occurred; (2) what constitutes "cooperation" under MCL 791.234(10), and whether defendant's actions met that standard; and (3) whether this case should be remanded to the circuit court

for an evidentiary hearing to determine whether defendant has cooperated within the meaning of the statute.

We hold that a prisoner's cooperation may occur at any time before the prisoner is released on parole. But the cooperation must occur before the filing of a motion for judicial determination of cooperation. Similarly, the statute imposes no limits on when a court may make a determination that cooperation occurred.

Cooperation means that a prisoner engages in conduct where the prisoner is working with law enforcement for a common purpose, provides useful or relevant information to law enforcement, or establishes that although the prisoner provided law enforcement any information he or she had, and it turned out not to be relevant or useful, the prisoner never had any relevant or useful information to provide. A prisoner who had relevant or useful information to provide and chose not to provide this information, however, cannot be considered to have cooperated with law enforcement.

Under these standards, defendant did not meet his burden of initially showing, by affidavit or otherwise, that he had cooperated with law enforcement. Accordingly, defendant is not entitled to an evidentiary hearing.

To the extent that *People v Matelic,* 249 Mich App 1; 641 NW2d 252 (2001), and *People v Cardenas,* 263 Mich App

2

511; 688 NW2d 544 (2004), conflict with this opinion, they are overruled.

We affirm the trial court's order denying defendant's motion for judicial certification of cooperation.

## I. FACTS & PROCEDURAL HISTORY

The police intercepted a package of cocaine at the Saginaw office of United Parcel Service. The police set up surveillance at the house to which the package was addressed and had a police officer deliver the package. David Harrell, a codefendant, signed for the package. A short time later, police officers raided the house. Harrell told the police that defendant asked him if defendant could have packages delivered to Harrell's house, and that three or four packages had been delivered in 1994. Harrell stated that defendant had come to the house earlier with Bryant Fields, and that defendant had said that Fields would be picking the package up. During the raid, Fields came to the house to pick up the package. When the police arrested Fields, they found two rocks of cocaine wrapped in $50 and a green pager. Fields stated that the pager belonged to the man for whom he was picking up the package; Harrell said that the pager looked like the one that defendant carried. During the raid, the pager went off three times, displaying defendant's home phone number. The

**3**

package originated in Pomona, California, and there were several calls made from defendant's home phone to Pomona.

Following a jury trial, defendant was convicted of possession with intent to deliver over 650 grams of cocaine, MCL 333.7401(2)(a)(i), and conspiracy to commit possession with intent to deliver over 650 grams of cocaine, MCL 750.157a(a).  At the time that defendant was convicted and sentenced in 1995, MCL 333.7401(2)(a)(i) provided that an individual found guilty of possessing with the intent to deliver over 650 grams of cocaine would receive a mandatory sentence of life imprisonment. Further, there was no possibility of parole for an individual sentenced to a mandatory life sentence "for a major controlled substance offense . . . ."  MCL 791.234(4).[1]  Consequently, defendant was sentenced to two consecutive life sentences without the possibility of parole.

In 1998, three years after defendant was sentenced, the Legislature revised the statutes.  The revisions removed the mandatory life imprisonment for those convicted of possession with intent to deliver over 650 grams of cocaine and replaced that punishment with "life or any term

---

[1] The substance of MCL 791.234(4) is now contained in MCL 791.234(6).

4

of years but not less than 20 years." MCL 333.7401(2)(a)(i). The revisions further provided that such an offender would be eligible for parole after either twenty years (if the offender "has another conviction for a serious crime") or after 17.5 years' imprisonment (if the offender "does not have another conviction for a serious crime . . . ."). MCL 791.234(6). These same amendments also created MCL 791.234(10), which permits an offender convicted of possession with intent to distribute over 650 grams of cocaine to be eligible for parole 2.5 years earlier if the offender is found to have "cooperated with law enforcement . . . ."

Under MCL 333.7401(2)(a)(i), defendant was found to be eligible for parole after 17.5 years' imprisonment. Defendant subsequently petitioned to be certified as having cooperated with law enforcement under MCL 791.234(10). The trial court denied defendant's request, stating:

> The Defendant states that he had no relevant or useful information to provide to law enforcement officers previously. Additionally, he states that he is "ready and willing to proffer any relevant or useful information that he may have, without undue haste.["] He, however, fails to allege how he will have any relevant or useful information for law enforcement officials approximately eight years after his arrest. The Court finds that due to a lack of facts, it cannot enter an order of cooperation.

Defendant sought leave to appeal, and the Court of Appeals denied defendant's delayed application for leave to appeal. Unpublished order, entered May 21, 2003 (Docket No. 243562).

This Court then granted defendant leave to appeal, asking the parties to address the following:

> (1) What constitutes "cooperation" for the purpose of MCL 791.234(10), and did defendant's actions satisfy that requirement? (2) Does MCL 791.234(10) contain a temporal limitation on when cooperation must occur? (3) Does MCL 791.234(10) contain a temporal limitation on when a court may make a determination that cooperation occurred? (4) Was *People v Matelic,* 294 Mich App 1 (2001), properly decided?[2] (5) Should this case be remanded to the Saginaw Circuit Court for an evidentiary hearing to determine whether defendant has cooperated within the meaning of MCL 791.234(10)? [*People v Stewart,* 470 Mich 879 (2004).]

## II. Standard of Review

This case involves the interpretation of MCL 791.234(10). We review questions of statutory interpretation de novo. *People v Jones,* 467 Mich 301, 304; 651 NW2d 906 (2002). The primary goal in construing a statute is "to give effect to the intent of the Legislature." *In re MCI Telecom Complaint,* 460 Mich 396,

---

[2] This issue is now irrelevant because *People v Matelic* was largely overruled by a conflict panel in *People v Cardenas,* 263 Mich App 511; 688 NW2d 544 (2004), convened pursuant to MCR 7.215(J) after the order granting leave to appeal was entered.

**6**

411; 596 NW2d 164 (1999). We begin by examining the plain language of the statute. *People v Morey,* 461 Mich 325, 330; 603 NW2d 250 (1999).

### III. Analysis

The statute at issue, MCL 791.234(10), provides:

> If the sentencing judge, or his or her successor in office, determines on the record that a prisoner described in subsection (6) sentenced to imprisonment for life for violating or conspiring to violate section 7401(2)(a)(i) of the public health code, 1978 PA 368, MCL 333.7401, has cooperated with law enforcement, the prisoner is subject to the jurisdiction of the parole board and may be released on parole as provided in subsection (6), 2-1/2 years earlier than the time otherwise indicated in subsection (6). The prisoner is considered to have cooperated with law enforcement if the court determines on the record that the prisoner had no relevant or useful information to provide. The court shall not make a determination that the prisoner failed or refused to cooperate with law enforcement on grounds that the defendant exercised his or her constitutional right to trial by jury. If the court determines at sentencing that the defendant cooperated with law enforcement, the court shall include its determination in the judgment of sentence.

#### A

The first issue we must address is what temporal limits MCL 791.234(10) imposes on when cooperation must occur and when a court may make a determination that cooperation occurred.

We agree with the conflict panel in *People v Cardenas* that the only temporal limitation the statute places on a prisoner's cooperation is that the cooperation must occur

7

before the filing of a motion for judicial determination of cooperation. Other than that limitation, the cooperation may occur at any time before the prisoner is released on parole. Specifically, we agree with the following reasoning set out by Judge Wilder in his partial dissent in *Matelic* and adopted by the *Cardenas* conflict panel:

> "Giving the phrases 'has cooperated' and 'have cooperated' their plain meaning, then, it is clear that the Legislature intended that the prisoner's cooperation must have occurred at some time before the prisoner's application for parole release under MCL 791.234(10). Similarly, the phrase 'had no relevant or useful information to provide', when given its plain meaning and considered in relation to the present perfect tense clause 'have cooperated,' expresses the Legislature's intent that the prisoner must have lacked information before the prisoner's application for treatment under MCL 791.234(10), in order to be found as a matter of law to have cooperated." [*Cardenas, supra* at 518, quoting *Matelic, supra* at 31-32.]

We conclude also that the statute imposes no limits on when a court may make a determination that cooperation occurred. The statute refers to the sentencing judge or that judge's successor in office making the determination of cooperation:

> If the sentencing judge, or his or her successor in office, determines on the record that a prisoner . . . has cooperated with law enforcement . . . . [MCL 791.234(10).]

The statutory language that a successor judge may make a finding of cooperation indicates that there may be cases where such a finding can and would be made after

**8**

sentencing. Under the language of the statute, a judge may make the determination that a prisoner has cooperated at any time before an order of parole is entered.

B

The next question to consider is what constitutes "cooperation" for the purpose of MCL 791.234(10).

i

The statute specifically provides: "The prisoner is considered to have cooperated with law enforcement if the court determines on the record that the prisoner *had* no relevant or useful information to provide." MCL 791.234(10) (emphasis added). This use of the past tense, "had," indicates that defendant must at no time have had any relevant or useful information, not merely that any information he once had is no longer relevant or useful. We hold that a prisoner who has provided to law enforcement information that was found to be neither useful nor relevant can be considered to have cooperated with law enforcement if that prisoner never had any relevant or useful information to provide. But a prisoner who never provided any information or who had relevant or useful information to provide and chose not to provide this information when it was still relevant or useful cannot be considered to have cooperated with law enforcement.

**9**

Defendant alleges that he should be found to have cooperated because he never had any useful or relevant information to provide. Before sentencing, in 1995, defendant stated that he had nothing to say about the offense, that he was being framed, and that he knew the police "let the perpetrators get away scott free." When petitioning for the certification of cooperation, eight years after his conviction, defendant advised the trial court that at the time he was sentenced he "had no useful or relevant information to provide." In his brief on appeal to this Court, defendant also asserted that he "answered the questions the police asked of him, but was not able to tell the police anything about drugs and drug sales for he knew nothing about those things." Because defendant never provided any information to law enforcement, he cannot be considered to have cooperated.

Further, despite defendant's protestations of innocence, defendant was convicted of possession with intent to deliver over 650 grams of cocaine and conspiracy to commit possession with intent to deliver over 650 grams of cocaine. We note that MCL 791.234(10) applies only to prisoners who have been convicted of violating or conspiring to violate MCL 333.7401(2)(a)(i), which prohibits manufacturing, creating, delivering, or possessing with intent to manufacture, create, or deliver a

schedule 1 or 2 controlled substance that is in an amount of 650 grams or more. It may be presumed that a prisoner convicted of one of these crimes would have the following relevant or useful information for law enforcement: where the prisoner got the drug, how he or she processed it, how he or she intended to deliver it, and to whom he or she intended to deliver it. On the basis of defendant's convictions, and the facts surrounding them, we conclude that defendant did have relevant or useful information that he could have given to law enforcement at the time of his arrest or conviction.

Defendant could have disclosed to the police the name of the person who shipped the cocaine to him, the names of the other people involved in the drug ring, and how he was planning to distribute the drugs. At the time of defendant's arrest or conviction, this information would have been relevant or useful. Because defendant had relevant or useful information to provide and chose not to provide this information, defendant cannot be considered to have cooperated with law enforcement.

ii

Cooperation can also include providing useful or relevant information to law enforcement. MCL 791.234(10) states that "[t]he prisoner is considered to have cooperated with law enforcement if the court determines on

**11**

the record that the prisoner had no relevant or useful information to provide." The clear implication is that a prisoner is also considered to have cooperated with law enforcement if the prisoner has provided relevant or useful information. The prisoner bears the burden of proving that he or she has provided all the information he or she possesses about a crime; the prisoner cannot pick and choose what information he or she is prepared to disclose.

We note that the statute does not limit the relevant or useful information to information about the crime for which the prisoner was convicted. If a prisoner who was convicted of possession with intent to deliver over 650 grams of cocaine had relevant or useful information on a murder, providing that information to law enforcement could be cooperation.

Defendant alleges that he should be found to have cooperated because he is willing to provide relevant and useful information to law enforcement in the future. Defendant's statement in his petition for certification of cooperation that he was "ready and willing to proffer any relevant or useful information that he may have, without undue haste," is an offer of future cooperation. But, as we stated in part III(A) of this opinion, a prisoner's cooperation must have occurred before the petition for certification of cooperation is filed. It is not

**12**

sufficient for defendant to allege that he would be willing to cooperate in the future.

### iii

Finally, defendant alleges that on the basis of his conduct before and following his arrest, he should be found to have cooperated with law enforcement. "Cooperate" is defined as "to work together; 1) to act or work together with one another or others for a common purpose." *Webster's New World Dictionary, Second College Edition*. Considered in light of the statute, cooperation would include conduct such as participating in a controlled drug buy or a sting operation, or engaging in some other conduct to work with law enforcement toward a common goal.[3] The trial judge would determine, on the basis of the evidence in each individual case, whether the prisoner had cooperated within the meaning of MCL 791.234(10).

Defendant asserts that he should be found to have cooperated with law enforcement on the basis of the following conduct:

---

[3] The discussion of whether conduct, rather than providing information, can constitute cooperation under MCL 791.234(10)is not dicta, because the defendant in this case alleged that on the basis of certain conduct on his part he should be found to have cooperated with law enforcement.

**13**

> [D]efendant did not endeavor to hide or destroy evidence after his co-defendants['] arrest; and he did not tamper with or intimidate witnesses. Defendant did not flee to avoid prosecution prior to his arrest nor during the interval between his release on bond and subsequent conviction. At all times Defendant was polite and courteous to investigating officers and officers of the court. [Defendant's August 6, 2002, brief in support of motion for certification of cooperation, p 6.]

But defendant's alleged conduct does not constitute cooperation under the statute. Defendant's actions in not hiding or destroying evidence, not intimidating witnesses, not fleeing to avoid prosecution, and being courteous to the investigating officers did not amount to working with law enforcement for a common purpose. Defendant refrained from impeding law enforcement personnel in their purpose, but did nothing to work toward that purpose with the law enforcement personnel.

C

The final question concerns when a prisoner is entitled to an evidentiary hearing to determine whether the prisoner has cooperated within the meaning of MCL 791.234(10).

We agree with the *Cardenas* conflict panel that the prisoner has the burden of initially showing, by affidavit or otherwise, that he or she has already cooperated with law enforcement or that he or she provided any information he or she had to law enforcement, but at no time before

**14**

filing the motion did he or she have any relevant or useful information to provide. The sentencing court would then have the discretion to conduct such a hearing after reviewing the evidence, in the event it concludes that a genuine and material factual issue exists regarding whether the prisoner cooperated.

Here, we have already found that defendant's alleged conduct did not constitute cooperation; defendant has not alleged that he has provided any useful or relevant information; and we have concluded that defendant cannot be considered to have cooperated because he previously had useful or relevant information that he did not provide to the police. Defendant has not met his burden of initially showing that he has cooperated with law enforcement and, therefore, is not entitled to an evidentiary hearing.

## IV. CONCLUSION

We affirm the trial court's order denying defendant's motion for judicial certification of cooperation.

Elizabeth A. Weaver
Clifford W. Taylor
Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.

15

**S T A T E   O F   M I C H I G A N**

**SUPREME COURT**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                                                    No. 124055

LEONARD LAMONT STEWART,

    Defendant-Appellant.

_____

MARKMAN, J. (*concurring*).

I agree with the majority that defendant has not met his burden of establishing that he has cooperated with law enforcement, and, thus, I agree with its affirmance of the trial court's order denying defendant's motion for certification of cooperation. I write separately to set forth two areas of concern.

First, I disagree with the majority that "a prisoner who never provided any information . . . cannot be considered to have cooperated with law enforcement." *Ante* at 9. While this may be reasonable as a matter of policy, it is simply inconsistent with the direction of the Legislature. MCL 791.234(10) states that a "prisoner is considered to have cooperated with law enforcement if the court determines on the record that the prisoner had no

relevant or useful information to provide." The majority appends to the Legislature's definition the *further* requirement that a prisoner must have provided some information to law enforcement. It thus adds language to the statute that is not there. While I can conceive of few instances in which a silent prisoner will ever be able to satisfy his burdens under the statute, I nonetheless disagree with the majority's substitution of its own definition of "cooperation" for that of the Legislature.

Second, I would not address, in dictum, as the majority does, whether "cooperation" under MCL 791.234(10) "include[s] conduct such as participating in a controlled drug buy or a sting operation," and whether "cooperation" pertains to providing information about crimes unrelated to the crime for which the prisoner has been convicted. *Ante* at 12-13.[1] Perhaps precisely because it is dictum, and

---

[1] I am puzzled by the majority's assertion that its discussion of these matters does not constitute dictum. *Ante* at 13 n 3. The prosecutor has not argued that defendant did not "cooperate" by failing to participate in a controlled drug buy, and defendant has not argued to the contrary. And the prosecutor has not argued that defendant did not "cooperate" by failing to provide information about an unrelated crime, and defendant has not argued to the contrary. That defendant has asserted one form of conduct as "cooperation"-- namely, his failure to *resist* the police, an absurd argument correctly rejected by the majority-- does not properly allow the majority to decide whether every other conceivable form of "conduct" constitutes "cooperation."

2

because these matters have not been briefed by the parties, I find the majority's discussion to be cursory and insufficiently respectful of the fact that there may be alternative, plausible understandings of MCL 791.234(10). Again, the majority sets forth a reasonable policy, but it fails to adequately explain why such policy is compelled by the statute.  I would avoid this dictum, and await a case in which these issues can be explored more thoroughly, and in a more relevant setting.

                              Stephen J. Markman

**S T A T E   O F   M I C H I G A N**

**SUPREME COURT**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                                                    No. 124055

LEONARD LAMONT STEWART,

    Defendant-Appellant.

_____

KELLY, J. (*concurring in result only*).

I concur that defendant did not qualify for a certificate of cooperation. However, I disagree with several crucial aspects of the majority's interpretation of MCL 791.234(10).

The majority opinion creates the requirement that, to be eligible for credit for cooperation under MCL 791.234(10), a prisoner must provide law enforcement with all the information he has about a crime. The statute does not contain this requirement. Moreover, I believe that the Legislature did not intend that the statute should be interpreted to include it.

One might reflect that a prisoner providing less than all the information he possesses about a crime could nonetheless be very helpful to law enforcement. That may explain why the Legislature chose to confer the benefit of

early parole eligibility using such general terms. It permitted the benefits to be conferred if the prisoner is shown to have "cooperated with law enforcement," and it refrained from indicating what constitutes cooperation and how much cooperation is enough.

Moreover, the Legislature chose not to limit the statute's benefit to prisoners who provide information that is relevant and useful. Rather, it specified that the prisoner may be found to have cooperated with law enforcement even if the court determines that he had no relevant or useful information to provide. MCL 791.234(10). The Legislature pointedly left it to the discretion of the judge to determine how much cooperation is sufficient to earn the benefit of early parole eligibility.

For these reasons, I concur only in the result of Justice Weaver's majority opinion.

Marilyn Kelly

2