**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4141**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GREGORY DONEARL EASTERLING, a/k/a Smoke, a/k/a Dion A. Foster,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, Chief District Judge. (3:12-cr-00013-1)

---

Submitted: November 25, 2013      Decided: March 24, 2014

---

Before AGEE, KEENAN, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas J. Gillooly, Charleston, West Virginia, for Appellant. Richard Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Donearl Easterling appeals the eighty-four-month sentence imposed by the district court following his guilty plea to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a) (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). In accordance with Anders v. California, 386 U.S. 738 (1967), Easterling's counsel has filed a brief certifying that there are no meritorious grounds for appeal but questioning whether the evidence before the district court was sufficient to sustain its determination that one of Easterling's prior convictions properly counted toward the calculation of Easterling's criminal history category. Easterling has filed a supplemental brief in which he echoes and supplements counsel's arguments. Finding no error, we affirm.

We review Easterling's sentence for reasonableness, using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error[s]," including improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, sentencing under clearly erroneous facts, or failing to adequately explain the sentence. Gall, 552 U.S. at 51; United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008).

Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Because Easterling properly preserved the issue, we review for clear error the district court's findings of fact underlying its calculation of Easterling's criminal history category. United States v. McManus, 23 F.3d 878, 882 (4th Cir. 1994); United States v. Rusher, 966 F.2d 868, 880 (4th Cir. 1992).

A bit of background information is necessary. Easterling was convicted of a Michigan narcotics offense in June 1995 and received an eighteen-month to twenty-year sentence ("1995 offense"). Easterling was paroled in November 1996. He absconded from parole in April 1997 and committed a second Michigan narcotics offense in September 1997 ("1997 offense"), for which he was sentenced to one to four years of imprisonment. Easterling was again paroled in September 1998. Thereafter, Easterling's parole was revoked in February 2000, and he remained incarcerated until January 2003. Easterling remained on parole until July 2010, at which point he was unconditionally discharged.

However, the Michigan state records detailing Easterling's incarceration history were unclear regarding which of his two sentences supported Easterling's approximate three-year incarceration following the revocation of his parole in

3

February 2000. Attempting to explain the ambiguity, Easterling suggested that the sentence for his 1995 offense was discharged as part of the plea to his 1997 offense, thus leaving the sentence for his 1997 offense as the sole basis for his subsequent incarceration. Therefore, Easterling argued, his 1995 offense fell outside the applicable fifteen-year window. U.S. Sentencing Guidelines Manual ("USSG") § 4A1.2(e)(1) (2012). Although failing to produce supporting records, Easterling argued that, under typical sentencing practices, this was a logical explanation of the seemingly unclear Michigan state records. An examination of Michigan's sentencing and parole scheme, however, indicates otherwise.

The maximum term of imprisonment or period of parole Easterling could have served for his 1997 offense was four years, meaning that, if in fact the sentence for his 1995 offense was discharged as part of a plea agreement, Easterling would have been subject to unconditional release from the Michigan penal system in 2001. See Shaya v. Holder, 586 F.3d 401, 408 (6th Cir. 2009) (explaining that, in Michigan, "there is no guarantee that an incarcerated person will be released from prison after the person has completed his or her minimum sentence [because] the parole board retains the discretion to keep a person incarcerated up to the maximum sentence authorized by the jury's verdict") (internal quotation marks and alteration

4

omitted); People v. Matelic, 641 N.W.2d 252, 264 (Mich. Ct. App. 2001), overruled in part on other grounds by People v. Stewart, 698 N.W.2d 340 (Mich. 2005). However, the state records clearly indicate that, following the revocation of his parole in February 2000, Easterling remained incarcerated until January 2003, necessarily indicating that Easterling was incarcerated pursuant to the sentence for his 1995 offense following conviction for his 1997 offense. This conclusion is further confirmed by Michigan court records indicating that the sentence for Easterling's 1997 offense was imposed to run consecutively to the sentence for his 1995 offense, as Michigan law dictates. See People v. Idziak, 773 N.W.2d 616, 621-22 (Mich. 2009) (Michigan requires consecutive sentencing for parolees who reoffend while released). Accordingly, we conclude that there is no clear error in the district court's calculation of Easterling's criminal history category.

In accordance with Anders, we have reviewed the entire record and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. We also decline to address, in this appeal, Easterling's claim regarding problems with the prison's mail system, a civil matter not properly addressed in this criminal appeal, or his claim of ineffective assistance of counsel, as the record does not conclusively demonstrate any deficiencies in counsel's

5

performance.  This court requires that counsel inform Easterling, in writing, of his right to petition the Supreme Court of the United States for further review.  If Easterling requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Easterling. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED