*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RICKEY BROWN, JR.,

        Defendant-Appellant.

UNPUBLISHED
May 14, 2026
8:53 AM

No. 374275
Wayne Circuit Court
LC No. 07-004578-01-FH

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by right his 2007 bench-trial convictions of possession of less than 25 grams of a controlled substance, MCL 333.7403(2)(a)(*v*), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). The trial court sentenced defendant to two years' probation for the controlled substance conviction and two years' imprisonment for the felony-firearm conviction, with 30 days' credit for time served in jail. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2007, defendant was arrested when the police discovered cocaine and a firearm in his possession while executing a search warrant. Defendant was convicted as described, but he absconded before his sentencing date. The trial court issued a *capias* warrant, and defendant was finally arrested again in December 2023. From September 2014 to August 2022, defendant was incarcerated in Tennessee for unrelated offenses. Defendant moved to apply his time served in Tennessee to the felony-firearm sentence, arguing that he had attempted to be extradited to the state of Michigan, but that the state had refused. The trial court denied defendant's motion because he could not produce any documentation proving that the state of Michigan knew his whereabouts or that defendant had sought extradition. After defendant was sentenced, he filed an appeal. He then moved for relief from judgment in the trial court, which the trial court denied because he had not exhausted his appellate remedies. Defendant then sought leave to amend the motion for consideration as a motion for a new trial. The trial court granted leave to amend but denied the motion for a new trial on the basis that the motion was untimely and presented the same issues that the trial court addressed during his sentencing. This appeal followed.

-1-

## II.  POSTCONVICTION MOTIONS

### A.  STANDARD OF REVIEW

"This Court reviews a trial court's decision on a motion for relief from judgment for an abuse of discretion." *People v Poole*, 349 Mich App 594, 609; 28 NW3d 769 (2024). "A trial court's decision on a motion for a new trial is [also] reviewed for an abuse of discretion." *People v Orlewicz*, 293 Mich App 96, 100; 809 NW2d 194 (2011). "An abuse of discretion occurs when the trial court makes an error of law or when its decision falls outside the range of reasonable and principled outcomes. But the trial court's factual findings supporting its decision on the motion for relief from judgment are reviewed for clear error." *Poole*, 349 Mich App at 609-610 (citation omitted). "A finding is clearly erroneous if this Court is left with the definite and firm conviction that a mistake has been made." *People v Allen*, 295 Mich App 277, 281; 813 NW2d 806 (2011).

### B.  ANALYSIS

Defendant argues that the trial court erred by denying his motions for relief from judgment and a new trial. We disagree.

"After a claim of appeal is filed or leave to appeal is granted, the trial court or tribunal may not set aside or amend the judgment or order appealed . . . ." MCR 7.208(A). In this case, after the judgment of sentence was entered November 27, 2024, defendant filed a claim of appeal on February 3, 2025. Defendant moved for relief from judgment in the trial court on May 30, 2025. It would have been a procedural error for the trial court to grant defendant's motion for relief from judgment because an appeal was pending. See *People v Rogers*, 335 Mich App 172, 194; 966 NW2d 181 (2020) ("Defendant could not file a motion for relief from judgment because his claims were still on appeal in this Court. The proper procedure was to ask this Court for the opportunity to file a motion for a new trial in the trial court.") (citation omitted).

Furthermore, defendant acknowledged that filing the motion for relief of judgment was a procedural error when he moved to amend the motion:

> Upon reflection and further legal analysis, counsel realizes that the original motion was inadvertently brought under the wrong procedural rule. The relief sought and the constitutional violations alleged are more properly characterized as grounds for new trial under MCR 6.431, rather than relief from judgment under MCR 6.500. This motion seeks to amend and correct that procedural error and properly present the claims under the appropriate legal framework.

Having acknowledged the procedural impropriety, defendant is not permitted to now argue on appeal that the trial court erred by denying his motion for relief from judgment.[1] See *Blazer Foods,*

---

[1] Defendant argues that the trial court erred when it did not find that good cause and prejudice existed that would justify granting the motion for relief from judgment under MCR 6.508(D)(3).

*Inc v Restaurant Props, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003) ("A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court.") (quotation marks and citation omitted). See also *People v Murry*, 106 Mich App 257, 262; 307 NW2d 464 (1981) ("Counsel cannot request a certain action in the trial court, and then, after the request has been followed by the trial court, argue on appeal that that action was error.").

Regarding defendant's motion for a new trial, defendant merely states that the motion was improperly denied, without referring to the content of the motion, the order denying it, or any pertinent caselaw. Accordingly, this argument is abandoned. See *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.") (quotation marks and citation omitted).

## III. SENTENCING CREDIT

Defendant also argues that the trial court erred when it denied his request for additional sentencing credit for the time he served in Tennessee for separate offenses. We disagree.

## A. STANDARD OF REVIEW

"Whether a defendant is entitled to credit for time served in jail before sentencing is a question of law that we review de novo." *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011). "We review questions of statutory interpretation de novo." *People v Stewart*, 472 Mich 624, 631; 698 NW2d 340 (2005). "That means that we review the issues independently, with no required deference to the trial court." *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019).

## B. ANALYSIS

"Courts have no sentencing discretion unless it be conferred upon them by law." *People v Conat*, 238 Mich App 134, 147; 605 NW2d 49 (1999) (quotation marks and citation omitted). Michigan's statute governing sentence credit, MCL 769.11b, states:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

---

But we need not address that issue because even if good cause or prejudice existed, the trial court was barred from granting relief from judgment under MCR 6.508(D)(1) ("The court may not grant relief to the defendant if the motion . . . seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300.").

"MCL 769.11b does not, however, entitle a defendant to credit for time served before sentencing if he is incarcerated for an offense other than that for which he is ultimately convicted, or for other unrelated reasons." *People v Seiders*, 262 Mich App 702, 707; 686 NW2d 821 (2004). "When statutory language is clear, the Legislature intended the meaning plainly expressed, and we must enforce the statute as written." *Id*. at 705. "The enactment of [MCL 769.11b] reflects the Legislature's intention to entitle every defendant in a criminal case to the sentence credit described in the statute, instead of leaving the matter to the discretion of sentencing courts." *People v Idziak*, 484 Mich 549, 569; 773 NW2d 616 (2009) (quotation marks and citation omitted; alteration in original).

Defendant seeks credit for the eight years that he served in Tennessee after he absconded before sentencing in Michigan. As required by MCL 769.11b, defendant received 30 days' credit for time served in a Michigan jail while he was unable to furnish bond. MCL 769.11b does not entitle defendant to additional credit for the time served in Tennessee because he was not "denied or unable to furnish bond" but was instead serving time for a separate and unrelated offense.

Defendant argues that the trial court has discretion to grant credit for time served outside of the statute. To support his position, defendant cites *People v Adkins*, 433 Mich 732; 449 NW2d 400 (1989). In that case, our Supreme Court confirmed that the plain language of MCL 769.11b created "a right to credit for any presentence time served for the offense of which he is convicted, and not upon any other conviction." *Id*. at 737 (quotation marks and citation omitted). But the Court stated the following in a footnote:

> Our opinion today, however, must not be seen as in any way *prohibiting* a sentencing judge from granting sentence credit for time served for an unrelated offense should it be decided such credit is warranted. The trial court's sentencing discretion under our indeterminate sentencing law, MCL 769.1; MSA 28.1072, clearly would permit reducing a defendant's minimum sentence should the court think such action appropriate. [*Id*. at 751 n 10.]

This footnote recognizes that the Court's ruling did not prohibit additional sentencing credit and stated that a defendant may be sentenced to a lesser sentence if appropriate.[2] However, defendant's felony-firearm conviction carries a mandatory sentence of two years' imprisonment. MCL 750.227b(1). Therefore, the trial court could not lower that determinate sentence to

---

[2] See *People v Lewis*, unpublished per curiam opinion of the Court of Appeals, issued September 16, 2025 (Docket No. 372383), p 5 ("*Adkins* indicated that a trial court may sentence a defendant to a lesser term to compensate for any perceived unfairness or inequity with the lack of jail credit in that case. For example, if a defendant is entitled to one day of jail credit under MCL 769.11b but the trial court believes that equity requires 30 days of jail credit, then the trial court may compensate for this discrepancy by sentencing the defendant to 23 months in prison instead of 24 months in prison. However, *Adkins* does not suggest that such a result is required."). Unpublished cases are not binding, but we may consider them for their instructive or persuasive value. *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

compensate for time spent incarcerated on a different offense. See *Conat*, 238 Mich App at 147 ("[T]he Legislature has the exclusive power to determine the sentence prescribed by law for a crime, and the function of the court is only to impose [a] sentence under and in accord with the statute.") (quotation marks and citation omitted; second alteration in original). Although defendant argues that extraordinary circumstances warrant additional credit, it was not within the trial court's authority to grant him credit beyond what is permissible under MCL 769.11b and what is required by the mandatory sentencing scheme under MCL 750.227b(1). Accordingly, the trial court could not have given defendant a lesser sentence or discretionary credit for time served even if it believed that doing so would be a fairer result under the circumstances of this case.

Defendant also argues that because he was not sentenced for his 2007 convictions until after he completed his sentence for the other offenses in Tennessee, the trial court imposed a de facto consecutive sentence. "Under the concurrent sentence rule, one sentence may not be ordered to begin at the completion of another sentence unless statutory authority provides otherwise." *People v Givans*, 227 Mich App 113, 126; 575 NW2d 84 (1997). But "because commencement of the sentence in this case was not delayed until the completion of the sentence in the [other case], the concurrent sentence rule is not implicated." *Id*.

## IV. CONCLUSION

The trial court did not abuse its discretion when it denied defendant's motion for relief from judgment because it lacked the authority to grant the motion in the first place. Furthermore, defendant was not entitled to additional jail credit for the time that he was incarcerated for unrelated offenses in a different state, and the trial court did not have the authority to depart from the Legislature's mandatory two-year sentence for the felony-firearm conviction even if the court believed that a shorter sentence would be appropriate.

Affirmed.

/s/ Mariam S. Bazzi
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle

-5-